OPINION OF THE COURT
Karen K. Peters, J.
In the instant matter, the respondent requests that the court issue an order setting aside a stipulation entered into in open court by the parties on April 4,1984. This stipulation formed the basis for an order subsequently entered by the Family Court. The stipulation was reached in settlement of an application for pendente lite relief which was referred to Family Court by Supreme Court for resolution. A fact finding in conjunction with the referral began on April 2,1984. On the third day of trial the matter was settled by stipulation of the parties.
Respondent’s request for relief is based upon the petitioner’s alleged failure to comply with the provision of the settlement and the subsequent order which provides that the parties execute joint income tax returns, Federal and State, for the years 1983, 1982, and 1981. Petitioner contends that she has valid reasons for failing to comply with this provision and relies upon another provision of the settlement and subsequent order which provides that she has the right to have an accountant of her choice review the proposed returns. The court has no opinion as to the substantive merits of either party’s position due to the fact that the court is not of the opinion that it has the authority to grant the relief requested by respondent.
Pursuant to Family Court Act § 464 (a), an order made by the Family Court in a matter referred by the Supreme Court is *131 classified as a Family Court order, subject to enforcement and modification as provided in the Family Court Act. While the Act provides for a multitude of remedies for violations of its orders, it does not authorize an action for rescission or other contract based remedies. As the respondent does not request enforcement of the order but rather setting aside or rescission of the underlying stipulation, the court does not believe that it possesses jurisdiction to grant the relief requested. This motion is dismissed without prejudice to the respondent’s right to renew his request for such relief in the proper forum.
As there is no allegation of a change in the respondent’s financial circumstances, there is no basis for a modification of the support order.